967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nathaniel J. RICHARDSON, Plaintiff-Appellant,
v.
Nicholas F. BRADY, Secretary, Department of the Treasury,
Defendant-Appellee.
 No. 91-55705.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1992.*
Decided July 10, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Nathaniel J. Richardson, a black man, appeals pro se the dismissal of his claim of employment discrimination against the United States Customs Service. We find that appellant's complaint is time barred, and affirm.
 
 I.
 FACTS AND PROCEEDINGS BELOW
 
 4
 Appellant failed to obtain employment as a Customs Inspector at the John F. Kennedy International Airport. In the spring of 1988, appellant, in an effort to obtain this position, took the written portion of a civil service exam and received a passing score of 93.1.
 
 
 5
 On July 15, 1988, appellant was notified by an interview coordinator of the Customs Service that he was eligible to take the oral portion of the examination. Because appellant had recently moved to the Los Angeles area, he arranged to take the oral exam at the Los Angeles International Airport. The interview was held on August 12, 1988.
 
 
 6
 On October 31, 1988, the Customs Service notified appellant by letter that he had not been selected for a position at the Kennedy airport. The letter stated that only applicants with a written score of 95.1 or better had been hired at that location.
 
 
 7
 In a letter dated November 16, 1988, the Customs Service inquired about appellant's potential availability for work and the locations at which he would like to be considered. Appellant responded with three location preferences; again he listed John F. Kennedy International Airport, but also added Hawaii or any other place in New York State as potential areas where he would be willing to work. The Customs Service wrote a similar letter to appellant on June 20, 1989, and appellant provided the same response. Neither letter was an offer of employment. The direct hire authority granted to the Customs Service by the Office of Personnel Management expired on October 31, 1989, and appellant was not offered a permanent position at any of his requested locations before that date.
 
 
 8
 Appellant first contacted a Customs Service EEO counselor on October 26, 1989. As noted by the counselor in his official report, appellant claimed discrimination on the basis of a minor arrest record and his service record in the United States Air Force, both of which he disclosed on his application. However, under the form heading "Type of Discrimination or Basis," the box labeled "Race" was marked. The alleged date of discrimination was September 29, 1988, the same date on which appellant said he became aware of the discrimination.
 
 
 9
 Appellant filed his "Individual Complaint of Employment Discrimination" on January 10, 1990. On that form appellant again indicated that his Air Force service record as well as "comments ... made and information given on [the] application" were reasons for the discrimination he then perceived. Appellant believed race was a factor as well. He stated: "I feel I am also being discriminated against because of my race." This time, appellant gave December 1988 as the date he first became aware of the discriminatory event.[1]
 
 
 10
 On January 26, 1990, the Treasury Department rejected appellant's complaint on the grounds that appellant failed to contact an EEO counselor within 30 days of becoming aware of the discriminatory events, as required in 29 C.F.R. § 1613.214. Appellant appealed the decision to the EEOC, and then to the United States District Court for the Central District of California. He has been denied relief at each turn because of his failure to contact an EEO counselor within the statutory time limit.[2]
 
 II.
 DISCUSSION
 
 11
 Appellant argued before the district court, and also asserts here, that he met the 30-day rule because he was not aware of the "facts supporting a charge of discrimination" until November 1989. It was at that time, states appellant, that he learned through information provided by his EEO counselor that other applicants with lower scores had been hired at the Newark/New York Seaport office. However, this is contrary to the EEOC complaint filed by appellant in January 1989. There he stated he first suspected discrimination in December 1988, a full ten months before he met with the EEO counselor. Moreover, in his original meeting with the counselor, appellant reported an even earlier date, September 29, 1988, as the date the discrimination was to have occurred. It is not credible to assert lack of awareness until November 1989 in the face of the documentation below. The district court found as much, and we affirm that finding.
 
 
 12
 Appellant argues that he should be allowed to circumvent the regulatory time limits for various reasons. Appellant asserts that the alleged discriminatory acts against him constitute a "continuing violation," which would render the regulatory time limits inapplicable. See Green v. Los Angeles County Superintendent of Sch., 883 F.2d 1472, 1480-81 (9th Cir.1989). However, nothing in appellant's complaint alleges a systematic policy of discrimination by the Customs Service. Neither does appellant assert a series of related acts against appellant sufficient to implicate the continuing violation theory. He merely alleges that he was not selected for the position at JFK because of his race, something he admits he suspected in December 1988. Nothing in his complaint alleges that the later availability inquiries, or for that matter any other subsequent acts by the Customs Service, were somehow related to his rejection on October 31, 1988. Indeed, the inquiry letters originated from an office other than the one which rejected appellant for the position at the Kennedy airport.
 
 
 13
 This is also not the case to toll the limitations period for equitable reasons. As an excuse for his dilatory filing, appellant stated to the EEOC that, although he suspected discrimination in December 1988, he waited until January 1990 because he wanted to be "certain." That is not the sort of diligent act envisioned under the equitable tolling doctrine. See Irwin v. Veterans Admin., 111 S.Ct. 453 (1990). Nothing in the record suggests that appellant did anything to pursue his claim from the time he became aware of an alleged discriminatory practice in December 1988 until his belated interview with the EEO counselor in October 1989.
 
 
 14
 Finally, we agree with the district court that appellant did not make an adequate showing that he was unaware of the applicable limitations period. Appellant's prior employment experiences and grievances, all part of the record below, indicate otherwise.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 His exact statement: "I became suspicious sometime around December, 1988 when I was not offered a job by JFK Airport, after my oral exam."
 
 
 [2]
 Appellant has timely appealed the district court's dismissal, and we have jurisdiction from that final order pursuant to 28 U.S.C. § 1291